## 9950

### MATTHEWS *ET AL.* v. LYNCH *ET AL.*

#### (96 S. E. 494.)

1. Schools and School Districts—Consolidation—Plats—Sufficiency.
   —Where county board approved plat of proposed consolidated school district, but required a line to be changed "by drawing a line from A to B on the plat," fact that line was not actually drawn did not vitiate the plat, where no one resided in the territory affected by the change, which was made merely to prevent line from running too close to another school.

2. Schools and School Districts—Consolidation—Rights of Residents.—Determination of which school district shall include certain lands and their owners rests with the county board of education and not the landowners, who have no legal cause of complaint because of a change if legal formalities are followed.

Before Spain, J., Florence, Spring term, 1916. Affirmed.

Suit by C. M. Matthews and others against Z. C. Lynch and others, as trustees of School District No. 39. From decree dismissing complaint, plaintiffs appeal.

The decree referred to in the opinion is as follows:

The above case came before me for trial on the equity side of the Court without a jury. Plaintiffs moved to strike the second and third defense of defendants' answer, and I granted the motion as to the second defense and took under advisement the motion as it related to the third defense, until after the testimony was taken. I then proceeded to the trial of the case, and had the stenographer take the testimony.

The record of the case shows that defendants, who are school trustees of district No. 39, have held an election upon the question of bonds and are seeking to sell the same.

Plaintiffs, who are residents of this district, seek to prevent the sale of bonds by showing an illegal election, the illegality arising from defendants' failure to file a proper plat of the district before the election as required by section 1743, Code of Laws for 1912. Plaintiffs allege that the plat as filed takes into school district No. 39 a part of (a) school district No. 48, (b) school district No. 27, and (c) school district No. 32.

(a) The testimony shows that the county board of education established the lines between Nos. 39 and 48 previous to the plat in question, and the superintendent of education and all other witnesses testified that the plat in question conforms to the established line. The complaint must be dismissed as to this point.

(b) After the plat in question had been prepared, the board of education decided that the line between Nos. 39 and 27 ran too close to the schoolhouse in No. 27 and ordered the line changed so as to run from "A" to "B" points indicated on the plat. This change was never made on the plat. The testimony shows that correction would take about 150 acres of land belonging to Mr. G. Matthews, who lives in No. 39, out of this district and place it in No. 27; that no one lives on this land; and that Mr. Matthews is willing to pay any tax or assessment in order to get the bond issue through, and does not care in which district this 150 acres of his land is located. It does not seem to me that any such minor defect was contemplated by the law as being sufficient to upset the election which is otherwise regular; therefore the complaint is dismissed as to this point.

(c) The line between No. 39 and 32 had never been established or defind in any way; the witnesses introduced for plaintiffs or defendants were unable to locate any old line to my satisfaction. A line had to be established in order to form a survey through school district No. 39; the plaintiff knew when the survey was made and the territory which it embraced; the plat was used in two hearings in

connection with this bond issue before the board of educa-
tion and in a previous case heard before Judge Shipp and
others as hereinafter noted, and the line between No. 39
and 32 was never questioned before the motion made before
Judge Shipp and the present case was begun. It seems to
me that plaintiffs have failed to show error here by suffi-
cient weight of evidence, and also I dismiss the complaint as
to this point.

Aside from the above reasons, there is another point fatal
to plaintiffs' case, and that is the plea set forth in defend-
ants' second defense. The record shows beyond dispute
that the plat in question was properly filed the required
length of time before the election, which is sought to have
declared invalid. In a previous case, W. J. Lee *et al.,* resi-
dents of school district No. 39, brought a proceeding against
the same defendants to set aside this same election on the
ground that there was some irregularity in the registration
of the voters. While the case was pending, plaintiffs sought
to introduce into the case the question of this defective plat
and thus annul the election on this ground also. Judge
Shipp, who heard the motion to amend, refused the same for
the reason that the plat had been on file all the while, and if
plaintiffs had not previously discovered the error, if any
error there be in the plat, it was due to their own negligence.
This order of Judge Shipp stands unreversed.

I cannot get away from the conclusion that the result
desired in the first case was to set aside the election; the
desire of the present action is to set aside the same election.
The cause of action is identical. Can each and every resi-
dent of the school district be allowed to attack the election,
one for this alleged defect, and another for yet another
alleged defect? I think not. The interests of the parties
are the same. If there were errors in the election, they
should have been determined, and in this case I think by
Judge Shipp's ruling were determined in the first action
unless plaintiffs could show some special reason which

might take them from under the ruling which controls such matters, which special reason they have failed to show to my satisfaction.

I hold that the decree of Judge Sease in the case of *Lee et al. v. Lynch et al.* estops the plaintiffs from bringing this action. If the ·point was not made in that case, it was necessarily involved and should have been presented. *State ex rel. Brown v. C. & L. R. R. Co.,* 13 S. C. 290. Upon both of the above grounds, I think the complaint must be dismissed at plaintiffs' cost, and which is so ordered.

*Mr. G. F. Stalvey,* for appellants, submits : *This being an action on the equity side of the Court, therefore this Court may review the facts:* Code of Civil Procedure, section 11, subdivision "C." *A judgment is not an estoppel for or against persons, who, though interested in the subject matter of the litigation, are not parties to the suit:* 16 S. E. 971; 52 S. C. 782.

*Messrs. Hicks & Muldrow,* for respondents, submit : *If the lines have been wrongly established, plaintiffs should have petitioned the county board to have them adjusted.* Vol. I, Code of Laws 1912, section 1738. *The school board has authority to organize and establish school district:* Vol. I, Code of 1912, section 1743. *It was the duty of the trustees to have survey made and plat filed:* Vol. I, Code of 1912, Sec. 1743. *The questions raised by the allegations of the complaint in this case were adjudicated, or should have been adjudicated, in the case of W. J. Lee et al., plaintiffs, against these defendants:* Black on Judgments (2d Ed.), sec. 610; 13 S. C. 290; 85 S. C. 444; 67 S. E. 560; 93 S. E. 425; Civil Code of 1912, sec. 1743.

April 8, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The plaintiffs brought this action to enjoin the defendants, who are the trustees of school district No. 39, in Florence county, from issuing certain bonds authorized by an election held in that district on August 19, 1914, under two provisions of section 1743, Civil Code 1912, which provides, *inter alia:*

"That before any election is held hereunder, it shall be the duty of the trustees of the school district to have a survey of said school district made by some competent surveyor and a plat thereof made and filed in the office of the clerk of Court."

It appears from the record that some time prior to August, 1914, on the petition of the citizens and patrons of school districts Nos. 8 and 39, the county board of education (which is authorized by section 1738 to divide the country into convenient school districts, and alter the same from time to time as the interests of the school may in their judgment demand) consolidated said districts into one district, since known as district No. 39; that on petition of the citizens of the new district No. 39 an election was ordered and held on the question of issuing bonds for the purpose of establishing a graded school therein, and that it resulted in favor of issuing the bonds; that thereafter W. J. Lee and some 30-odd other citizens of the district brought an action against the trustees to enjoin them from issuing the bonds on the ground that they had been illegally denied the right to vote in the election, which action was tried on the merits and their complaint was dismissed.

While that action was pending, these plaintiffs sought to intervene therein and set up the objections to the validity of the election which they make in this action, but their motion to be allowed to do so was refused. Thereupon they commenced this action, alleging that the election was void because no survey of the district was made and plat thereof filed with the clerk, as required by section 1743. They further allege in paragraph 5 of their complaint:

"That the plat now on file in the office of clerk of Court of Florence county, purporting to be a plat of school district No. 39, and which was made and filed for the purpose of the said election, and which represents the lines and boundaries of a survey had by the said trustees for the said purpose, does not confine itself to the boundaries of said school district No. 39, but, on the contrary, is so run and so represented upon the said plat as to include the lands and dwelling house of the plaintiff, C. M. Matthews, and about 14 or 15 other citizens and their properties, and takes approximately 700 or 800 acres of land from school district No. 32, in which school district the said plaintiff and a large number of other citizens live and own and return their properties; that on the side where district No. 39 should have joined district No. 48 the lines were so run and the same so represented upon the said plat that approximately several hundred acres of land which are situate in district No. 48 are made to appear as being in district No. 39, and the same represents the plaintiff, S. J. Crawford, as residing in district No. 39, together with some 6 or 7 other families, all of whom are situate in district No. 48; that plaintiff, S. M. Anderson, is a trustee of school district No. 27, and as such alleges that the survey was so made and the plat so represents that some 300 acres of said No. 27 and a few families are made to appear in No. 39, whereas they are, and the said 300 acres of land are, situate in said No. 27."

The defendants denied these allegations, and set up a second and third defense. The second need not be stated, as it was stricken out by the Circuit Court, whose decision was acquiesced in by defendants. The third defense pleaded the former action by W. J. Lee *et al.* against these defendants in bar of this action. The cause was heard by Judge Spain upon the testimony of the witnesses taken before him. His decree, which will be reported, disposed of all the issues made. Plaintiffs assign error in his decree in two particulars: First, in finding that they are residents of school dis-

trict No. 39; and, second, in holding that this action is barred by the judgment in the case of W. J. Lee *et al.* against these defendants.

The first exception presents only questions of fact. The testimony is both conflicting and difficult, if not impossible, to understand, as presented in the record, because the witnesses, in testifying with reference to the plat of the district and the lines thereof, frequently used such expressions as "this line" and "that line," and "here" and "there," which, of course, were intelligible to the Circuit Court because they pointed out the lines and points referred to on the plat before him, but they are unintelligible to us because we have no way of ascertaining what lines or points they referred to.

Nevertheless, we are satisfied that the greater weight of the evidence sustains the findings of the Circuit Court that a survey of the district was made, and the plat thereof was approved by the county board of education, except as to that part of the territory which would be excluded from district No. 39 and put into district No. 27 by drawing the line between the two points indicated by the letters A and B on the plat. We agree with the Circuit Court that the fact that that line was not actually drawn on the plat is immaterial, because no one, neither voter nor patron of the schools, resided in the territory so transferred from 39 to 27, and, therefore, the change in the line, which was made for the sole purpose of keeping the line of 39 from coming too close to a schoolhouse in 27, and affected an inconsiderable portion of the territory of the district, could not have affected the result of the election. The intent of the legislature in requiring a survey and plat, as declared in *McLaurin v. Tatum,* 85 S. C. 444, 67 S. E. 560, was substantially complied with.

Plaintiffs are in error in supposing (as they seem to) that they have the right to determine in which school district their residences and property shall be located. The deter-

mination of that matter is vested by the statute in the judgment and discretion of the county board of education, and even though by the survey and plat the residences of the plaintiffs and their lands, or some of them, have been put into the new district No. 39, they have no legal cause of complaint, since the plat of the district, as surveyed, was approved by the county board of education, except as above noted.

As we hold that the complaint was properly dismissed on the decision of the issues of fact against the plaintiffs, it becomes unnecessary to decide the issue made by the second ground of appeal, assigning error in sustaining the third defense.

Judgment affirmed.