## 12185

### BLACK *ET AL.* v. STOKES *ET AL.*

#### (137 S. E., 698)

SCHOOLS AND SCHOOL DISTRICTS—FILING PLAT OF NEWLY CONSOLIDATED DISTRICT, MADE BY COMPETENT SURVEYOR FROM OLD PLAT FILED DURING CONSOLIDATION HELD SUFFICIENT FOR BOND ELECTION (CIV. CODE 1922, § 2606, AS AMENDED BY ACTS 1923, 33 STAT., 151).— Where, after filing petition with County Board of Education for consolidation of three school districts, the survey and plat of such districts was made and one of districts thereafter decided not to consolidate and the county board ordered consolidation of the other two, filing in office of Clerk of Court, plat of newly consolidated district, made by competent surveyor from plat originally filed of three districts, *held* sufficient, under Civ. Code 1922, § 2606, as amended by Acts 1923, 33 Stat., 151, for bond election.

Before MAULDIN, J., Greenville, July 1926. Affirmed.

Action by J. W. Black and others against Alex Stokes and others, as Trustees of School District 13-M, to enjoin the issuance of school bonds. Judgment for defendants and plaintiffs appeal. Affirmed.

The complaint, return to rule to show cause, answer, and order of Judge Mauldin dismissing the petition, and exceptions thereto are as follows:

#### COMPLAINT

"The above-named plaintiffs, as citizens and taxpayers of the territory called school district 13-M, situate in the State and County aforesaid, suing on behalf of themselves and all other taxpayers of said territory who may come in and contribute to the expense of this action, allege:

"(1) That the plaintiffs are citizens, residents and taxpayers in the County and State aforesaid, and of the territory called school district 13-M, and that the defendants are residents of said county, state and territory, and are acting as trustees of and for said school district 13-M.

"(2) That plaintiffs are informed and believe that the said defendants, acting as trustees as aforesaid, are threatening to issue and sell bonds of said school district in the aggregate sum of $3,000. The terms of payment of said bonds, the interest rate and other details of said proposed bond issue being unknown to plaintiffs, but that plaintiffs are informed and believe that the purpose of the said issuance and sale of said bonds is to pay for the running of some purported school heretofore had and for the building of a high school in said territory or district.

"(3) That plaintiffs allege that the said defendants are without authority to issue such bonds, and that the same, if issued and sold, will be illegal, null and void inasmuch as the law with reference to the issue and sale of said bonds for the purposes contemplated has not been complied with, in the following particulars:

"(a) That the petition calling for the election was not signed by the required number of resident electors and resident freeholders.

"(b) That many of the signatures to the petition, calling for the election, were obtained through misrepresentation, in that it was stated that the petition was for the election of trustees only.

"(c) That no survey has been made before the election of said school district, as required by law.

"(d) That no plat has been filed in the office of the clerk of court of said school district, as required by law.

"(e) That no notice of the election was given or posted, as required by law.

"(f) That no managers for the election were appointed, as required by law.

. "(g) That a great number of votes cast were cast by those who had not been registered, as required by law, in that the trustees had applied to the county board of registra- · tion for a large number of registration certificates and had them ready at the polls for the voters.

"(h) That defendants as trustees have refused and still refuse plaintiffs or any other resident taxpayers the right to have anything to do with the school, and have refused to permit them to do any work on the building for the reason that they questioned the election and issuance of the bonds.

"(4) That in addition to the foregoing reasons the plaintiffs respectfully submit the territory of said school district is not able to support a high school therein, nor is there any need for a high school since there are others nearby to which the children may be sent without additional cost. That the result of the election 114 for bonds and 100 against bonds shows that the citizens and taxpayers do not desire, nor can they afford the proposed high school.                    .

"(5) That plaintiffs as residents, citizens, and taxpayers of said district will suffer irreparable damages if the aforesaid invalid election and issuance of bonds is permitted, and they have no adequate remedy at law.

"Wherefore. your petitioners, the plaintiffs herein, pray that the defendants, their agents, and servants may be perpetually restrained and enjoined from signing, sealing, executing, and issuing any bonds in the territory designated as school district 13-M, until the final determination of this action; that in the meantime the defendants, their agents, and servants may be enjoined and restrained from signing, sealing, executing, and issuing such bonds, or any part thereof, until the further order of this Court.

                    · "Bowen & Bryson,
                         "Attorneys for Plaintiffs."

"State of South Carolina, County of Greenville.

"Personally appeared the undersigned, who on oath says,
that he is a resident, citizen, and taxpayer in the state and
county aforesaid, in the territory designated as school dis-
trict 13-M; that he has read the foregoing complaint; that
he is one of the plaintiffs herein; and that the allegations in
the complaint are true of his own knowledge except matters
stated on information and belief and those he believes to
be true.

"J. W. Black.

"Sworn to before me this 19th day of July, 1926.
"C. S. Bowen, Notary Public for S. C."

### RETURN TO RULE TO SHOW CAUSE

"The above-named defendants, making return to the rule
to show cause issued by his Honor, T. J. Mauldin, Circuit
Judge, on July 19, 1926, most respectfully show:

"(1) That paragraph 1 of the complaint is admitted.

"(2) That the remaining allegations of the complaint are
denied, except as may be herein admitted.

"(3) These defendants admit that, under the election
regularly had, a majority of the electors and freeholders of
school district 13-M authorized the issue of $3,000 of bonds,
and that the defendants, as trustees of school district 13-M,.
have made all necessary preparations to issue said bonds, as
they are required by law to do.

"(4) These defendants allege that they are the regularly
commissioned trustees of school district 13-M, and they are
vested with full authority to issue said bonds, and that same
when issued will be legal and binding as an obligation upon
school district 13-M of Greenville County.

"(5) The defendants, in answer to paragraph 3 of the
complaint in which certain specifications are set forth as
irregularities in the proposed issue of bonds, most respect-
fully show, in answer to the subdivisions therein set forth::

"(a) This allegation is expressly denied and the defendants offer, as part of this return, the petition calling for the election and showing the signatures thereon. .

"(b) These defendants most emphatically deny that any misrepresentation was practiced on any person to obtain signatures to the petition and further allege that the signatures were freely and voluntarily subscribed on the petition by the resident electors and freeholders of said district. Further, these defendants allege in reply to subdivision 'b' that if any signer of said petition failed to read the petition, or to have some one read it for him, it was his own fault, as the laws requires a person to be bound by his signature, to a written instrument.

"(c) The affidavit of R. L. Meares, county superintendent of education, hereto attached, is submitted as a denial to the allegations of subdivision 'c' and 'd.' The plat of school district 13-M is also referred to and made a part of this return.

"(e, f) These defendants allege that notice of election was duly posted by them, as required by law, and as their return, filed in the office of the clerk of court, will fully show. That return or transcript, as filed in the office of the clerk of court, will also show that managers for the election were duly appointed by the trustees. Said transcript, as herein referred to, is made a part of this return.

"(g) This allegation of the petition is expressly denied for the reason that only those qualified by law to vote were allowed to vote in the election and the managers of the election so certified.

"(h) Although the defendants, as trustees, may legally refuse to allow the plaintiffs or any others to interfere with the running of the school and would have a legal right to do so, yet they have not exercised this right and have at all times consulted with other residents and taxpayers of the district and have endeavored to conduct the school in

the manner required by law. Further, these defendants allege that even if they had acted as alleged in subdivision 'h,' which they deny yet, said conduct as alleged would be no ground for declaring a bond issue invalid.

"(6) These defendants admit, as alleged in paragraph 4, that the result of the election showed a vote of 114 for bonds and 100 against bonds, and therefore allege that the election, which was duly advertised, resulted in favor of said bonds, and that it is the duty of the defendants, as trustees of said school district, to comply with the result of the election and proceed to issue and sell the bonds, as directed.

"(7) That this return, on the part of the defendants, is intended not only for a full return to the rule to show cause, but as an answer to the complaint herein filed.

· "Wherefore, having made full return and answer, these defendants pray judgment that the rule to show cause be discharged and that the complaint be dismissed.

                              "Dean, Cothran & Wyche,
                                   "Attorneys for Defendants."

ORDER DISMISSING PETITION

"This cause comes before me on a return to the rule to show cause heretofore made by me on July 19, 1926, and returnable at Greenville, S. C., on July 26, 1926.

"The plaintiffs ask for an injunction against the defendants from issuing $3,000 of school bonds of school district 13-M of Greenville County and seek to obtain such injunction upon the various grounds set forth in their complaint. The defendants have made return to the rule denying the allegations of the complaint, and alleging that, as trustees of school district 13-M, it is their duty to issue said bonds as they have been duly authorized to do under an election regularly held for the purpose of voting thereon.

"At the hearing before me, all grounds set forth in the complaint in opposition to the bond issue were abandoned except two, they being as follows:

"(1) That a great number of the votes cast were cast by those who had not been registered, as required by law, in that the trustees had applied to the county board of registration for a large number of registration certificates and had them ready at the polls for the voters.

"This contention cannot be sustained, for the following reasons, amongst others:

"(a) It is not made to appear how many of such certificates were issued, or that the result of the election was in any manner influenced or affected thereby.

"(b) It is not made to appear that the holder of such certificates voted for or against the issue of bonds.

"(c) It is not made to appear that any voter holding one of the alleged irregular certificates was not a qualified voter.

"(d) It is not made to appear that any vote was challenged by any one as being irregular.

"(e) It is not made to appear that the managers of the election knew of any alleged irregularity in the certificates.

"(f) It is not made to appear that the trustees or managers were knowingly parties to any irregularity in the issuance of the certificates, or that they delivered same to any voter either for or against the issue of bonds.

"The other ground of objection to the validity of the bonds is that no survey of the district was made prior to the election and no plat filed in the clerk's office, as required by law. That there was a complete plat of the district, filed in the clerk's office prior to the election, is admitted, but the plaintiffs contend that no survey of the district, as required by law, was had. The facts relative to this contention are as follows:

"During the year 1925, or possibly a year earlier, there were three school districts in the upper part of Greenville County which filed a petition with the county board of education praying that they be consolidated into one large dis-

trict. For the purpose of this petition a competent surveyor was employed to make a survey and plat of the three districts to be consolidated, the plat showing the metes and bounds of each district separately. This plat was filed in the clerk's office. Before the petition could be passed upon by the county board of education, one of the districts decided to withdraw from the consolidation and the board of education then ordered the consolidation of the remaining two districts, giving to the new district that was formed the name of 13-M. The new district then decided to issue $3,000 of bonds, and the superintendent of education had a competent surveyor make a new plat from the old one, using the courses and distances of the two districts which had been consolidated and leaving off of the new plat the district which had withdrawn from the petition for consolidation. This plat was duly filed in the clerk's office prior to the election. In view of the fact that there is no dispute as to the correctness of the plat, as filed, and also it being admitted as true that the plat as filed shows the correct metes and bounds of school district 13-M, I hold under the School Bond Act, and especially under the amendment of 1923, which permits the use of a plat already in existence, that the plat as filed was a sufficient compliance with the law.

"It is therefore ordered that the petition for injunction be and the same is hereby denied, and that the restraining order heretofore granted by me be and the same is hereby revoked."

## EXCEPTIONS

"(1) It is respectfully submitted that his Honor erred in finding and holding that the plat of the school district in question, which had been made by modifying or altering the previous plat made from a former survey, complied with the statutes, requiring the making of the survey and filing of a plat before the issuance of bonds.

"(2) It is respectfully submitted that his Honor was in error in finding and holding that the plat in evidence, which was admittedly not made from a survey of the school district in question, was sufficient and complied with the statutes.

"Upon the foregoing exceptions, we respectfully ask the Supreme Court to reverse the order of Judge T. J. Mauldin.

"Respectfully submitted,

"Bowen & Bryson,

"Attorneys. for Appellants."

*Messrs. Bowen & Bryson,* for appellants, cite: *Modifying or altering previous plat made from former survey does not comply with statute requiring that a survey be made and filed before issuance of bonds:* Sec. 2606, Vol. 3, Code 1922, Amend. Acts 1923, 33 Stat., 151; 85 S. C., 444. *Cases distinguished:* 92 S. C., 313; 110 S. C., 63; 116 S. C., 325.

*Messrs. Dean, Cothran & Wyche,* for respondents, cite: *Plat at bar sufficient to meet requirements of statute:* 110 S. C., 63. *Not in conflict:* 85 S. C., 444.

April 11, 1927.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This is an action by the appellants as citizens and taxpayers of school district 13-M, of Greenville County, against the respondents, as trustees of said school district, to enjoin the issuance of school bonds. A rule to show cause and temporarily restraining the respondents was issued by his Honor, Judge T. J. Mauldin, and served with the complaint upon the respondents, to which a return and answer were filed. A traverse was had, and, upon argument, Judge Mauldin issued an order denying the petition for injunction and revoking the restraining order thereinbefore issued. From this order of Judge Mauldin, the petitioners appeal

to this Court under two exceptions, but raising only one
question, Was the plat before the Court such a plat of the
school district as was contemplated by the statute govern-
ing the issuance of school bonds in such cases? Therefore it
is only necessary to refer to so much of the record as dis-
closes the facts and circumstances under which the plat was
made.

It is admitted that there was a complete and correct plat
of the school district filed in the office of the clerk of court
of Greenville County prior to the election for the issuance
of bonds, but the appellants contend that no survey of the
school district, as required by law, was had, that no survey
was made in contemplation of the election on the issue of
bonds, and that, therefore, the plat so filed could not be a
sufficient compliance with the statute, even though the plat
on file in the office of the clerk of court be a complete plat
of the school district in question.

It appears from the record that in the year 1925 there
were three school districts in the upper part of Greenville
County, and that these three districts filed a petition with the
county board of education for consolidation into one dis-
trict.

For this purpose a survey was made and also a plat was
made of the three districts to be consolidated. It is admitted
that this plat showed the metes and bounds of each district
separately and was duly filed in the office of the clerk of
court for Greenville County. Later, before action was had
by the county board of education on the petition, one of
these school districts decided not to consolidate with the
other two districts, and the county board of education
ordered the consolidation of the other two and gave to the
consolidated district so formed the name of 13-M. There-
upon this new district, 13-M, decided to issue bonds, in the
sum of $3,000, and a competent surveyor was engaged to
make a new plat from the old plat; that is, a plat of the newly

consolidated district, 13-M, formed out of the remaining
two districts after one district had withdrawn from the
proposed consolidation. This last-named plat, plat of dis-
trict 13-M, was duly filed in the office of the clerk of court
before the election was held on the issue of bonds. It is
admitted that this plat so filed is a correct plat of the dis-
trict, 13-M, and it shows the correct measurements and
boundaries of the district. Does it meet the requirements
of the statute? Section 2606 of the Code of Laws of 1922,
Vol. 3; that is, that portion bearing on the question before
the Court, reads as follows:

"Provided, further, that before any election is held here-
under it shall be the duty of the trustees of the school dis-
trict to have a survey of said school district made by some
competent surveyor, and a plat thereof made and filed in
the office of the clerk of court."

Appellants contend that, under this Section, it was nec-
essary to have a separate and special survey, after the con-
solidation, prior to the election, and a plat made based on
that survey and filed accordingly, notwithstanding the fact
that there was at the time a correct plat of the district on
file in the office of the clerk of court, and appellants cite in
support of their position the case of *McLaurin v. Tatum,*
85 S. C., 444; 67 S. E., 561. By reference to the opinion
of the Court in that case, it will be seen that the facts in
that case were materially different from the facts in the
case now under consideration. According to the finding of
the Court in *McLaurin v. Tatum, supra,* the trustees, prior
to the election, adopted one of two conflicting plats, the plat
so adopted and approved by the board of trustees having
been made several years prior to the proceedings for the
issue of bonds, and which plat was made by a surveyor
"from field notes, surveys and plats he had made himself
at different times during the past 40 years, which notes,
surveys and plats covered all the lands in * * * the school

district and all lines necessary except one, which he made from other lines and courses which he had," but there was no survey of the district at that time and the plat was made from field notes and other data acquired while making surveys of different tracts of land situate in that territory during a period of 40 years, and the testimony was conflicting as to the plat of the district. Therefore, this case (*McLaurin v. Tatum*) is clearly distinguished from the case under consideration. In a later case (*Matthews v. Lynch,* 110 S. C.,.63; 96 S. E., 494), this Court, in passing upon a state of facts similar to the facts in the instant case, held that the intent of the Legislature in requiring a survey and plat had been substantially complied with. It is our opinion that this case (*Matthews v. Lynch*) is sufficient authority to sustain the judgment of the Circuit Court in the instant case, and the Court so holds.

Further, in the year 1923, the Legislature amended the School Bond Act as to the requirement for a survey and plat (see Acts 1923, page 152), so that the Act, as amended, reads as follows:

"Provided, further, that before any election is held hereunder it shall be the duty of the trustees of the school district to have a survey of said school district made by some competent surveyor and a plat thereof made and filed in the office of the clerk of court, except in cases where surveys have already been made and plats filed. * * *"

The act, as amended, clearly permits the use of a plat already in existence, and it is the opinion of the Court that the plat, as filed, was a sufficient compliance with the law. The complaint, the return to the rule, the answer, the order of Judge Mauldin dismissing the petition, and the exceptions will be reported.

The exceptions are therefore overruled, and it is the judgment of the Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN and STABLER and MR. ACTING ASSOCIATE JUSTICE WHITING concur.